# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Ethan Radvansky, *on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>Health Tech Academy LLC,<br><br>Defendant. | Case No. 3:25-cv-00012-LMM |

**PROPOSED AGREED PROTECTIVE ORDER**

The Court recognizes that many of the documents and much of the information being sought through discovery in the above-captioned action are, for competitive or personal reasons, normally kept confidential by the Parties. The protected materials to be exchanged throughout the course of the litigation between the Parties may contain trade secret or other confidential research, development, or commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c). The protected materials to be exchanged may also be personally sensitive, such as private telephone numbers. The Parties have agreed to be bound by the terms of this Protective Order ("**Order**") in this action to facilitate the document production and disclosure and protect the respective interests of the Parties in their trade secrets and other Confidential & Protected Information. Thus, for good cause,

this Court **GRANTS** the Parties' motion. This Order shall remain in effect unless modified pursuant to the terms contained in this Order.

Therefore, the Court **ORDERS THAT,**

1. A party may designate documents, testimony, discovery responses, and information used or produced during the course of litigation as "Confidential & Protected Information" or "Protected & Confidential – Attorneys' Eyes Only" (collectively, "**Protected Material**"), as set forth below:

(a) The designation of Protected Material shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the legend "CONFIDENTIAL" or "PROTECTED & CONFIDENTIAL – ATTORNEYS' EYES ONLY." One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal or personnel information; information subject to prior confidentiality agreements; or other Confidential & Protected Information including, but not limited to:

  i. Personal financial information, including but not limited to records of personal accounts and transactions held by banks and financial institutions;

  ii. Documents containing proprietary, and/or trade secret information relating to any party or third party's business operations, including but not limited to, designs, strategic planning or marketing information, customer information, including customer lists, customer correspondence, customer

        purchasing history and customer preferences, business methods and processes, forms, reports, company financial information, intellectual property protection strategies and other sensitive business-related information, provided the information is not otherwise available to the public through other legitimate means;

      iii.  Employee salary information, personnel files, disciplinary and other personal, sensitive employee information; and

      iv.  Other information such as business, personal, medical, financial, or other sensitive information which counsel for a party in good faith believes warrants protection of this Order.

One who provides material may designate it as "PROTECTED & CONFIDENTIAL – ATTORNEYS' EYES ONLY" only when such person in good faith believes it contains trade secrets or other such proprietary and confidential research, development, customer, financial, or commercial information, which if disseminated beyond the Parties' legal staff, would pose a significant threat of economic loss, invasion of privacy, or other damages – including documents included in the definition in 1(a)(ii) and (a)(iii) above. Except for documents produced for inspection, the designation of Protected Material shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection, such documents may be produced for inspection before being marked as Protected Material subject to this Order. Once specific documents have been designated for copying, any documents containing Protected Material will then be marked either "CONFIDENTIAL" or

3

"PROTECTED & CONFIDENTIAL – ATTORNEYS' EYES ONLY" after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of Protected Material documents before they are copied and marked as Protected Material pursuant to this procedure.

(b) Portions of depositions or testimony shall be deemed Protected Material only if they are designated at the time the testimony is given or within ten business days after receipt of the transcript, including any testimony that describes a document that has been designated as "CONFIDENTIAL" or "PROTECTED & CONFIDENTIAL – ATTORNEYS' EYES ONLY," as described above. If testimony is designated as "Confidential" on the record, the court reporter shall mark the face of the transcript and the designated portion containing the designated testimony "Confidential." Any portion of a transcript designated as "Confidential" shall, if filed, be filed under seal with the Court. Except by express agreement, the Parties may not issue blanket designations for depositions and must provide the specific pages for which it claims protection. However, deposition transcripts shall be treated as CONFIDENTIAL until the expiration of the ten-day period following receipt of the transcript by the deponent.

(c) (i) Information or documents designated as "CONFIDENTIAL" under this Order shall not be used or disclosed by the Parties or counsel for the

FP 55404304.1

Parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(ii) Information or documents designated as "PROTECTED & CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order shall not be used or disclosed by counsel for the Parties or any persons identified in subparagraph (e) below for any purpose whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(d) The Parties and counsel for the Parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL" under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to counsel of record and employees of counsel of record for the Parties who have direct functional responsibility for the preparation and trial of this lawsuit. Any such employee to whom counsel for the Parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made to the Parties and employees of the Parties who have direct functional responsibility for the preparation and trial of

this lawsuit. Any such employee to whom counsel for the Parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

    (iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

    (iv) Disclosure may be made to consultants, investigators, litigation support personnel, or experts (hereinafter referred to collectively as "Experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any Expert, the Expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

    (v) Disclosure may be made to this Court, including personnel who are authorized by the Court to review such information, subject to the restrictions set forth in Paragraph 2 below.

    (vi) The Parties agree to confer in good faith regarding disclosure to relevant witnesses and further agree that they have the power to agree

to disclosures to individuals outside of the categories listed herein, provided that both Parties agree in writing.

(e) Counsel for the Parties shall not disclose or permit the disclosure of any documents or information designated as "PROTECTED & CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to counsel of record (including in-house counsel for the Parties) and employees of counsel of record for the Parties who have direct functional responsibility for the preparation and trial of this lawsuit. Any such employee to whom counsel for the Parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iii) Disclosure may be made to Experts identified by counsel. Prior to disclosure to any Expert, the Expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and

information be held in confidence. The parties agree to disclose the name and curriculum vitae f any expert or consultant to the opposing party before disclosure of Protected Material, with an opportunity to object within seven (7) days of disclosure..

(iv) Disclosure may be made to this Court, including personnel who are authorized by the Court to review such information, subject to the restrictions set forth in Paragraph 2 below.

(v) The Parties agree to confer in good faith regarding disclosure to relevant witnesses and further agree that they have the power to agree to disclosures to individuals outside of the categories listed herein, provided that both Parties agree in writing.

(vi) Under no circumstances shall Protected Material marked as "PROTECTED & CONFIDENTIAL – ATTORNEYS' EYES ONLY" be shared, disclosed to, or discussed with any other individual or entity not identified in subparagraphs (e)(i) to (e)(iii) above, including clients, client representatives, agents, affiliates, or third parties in this litigation, without the prior written consent of counsel. In addition, undersigned counsel will take all steps necessary to ensure that any Protected Material designated as "PROTECTED & CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be shielded from any individual or entity not identified in subparagraphs (e)(i) to (e)(iii) above.

(f) Except as provided in subparagraphs (d) and (e) above, counsel for the Parties shall keep all documents designated as Protected Material that are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(g) All copies, duplicates, extracts, summaries, descriptions or other derivative works revealing the protected information (hereinafter referred to collectively as "copies") of documents or information designated as "CONFIDENTIAL" or "PROTECTED & CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order or any portion thereof, shall be immediately affixed with the word(s) "CONFIDENTIAL" or "PROTECTED & CONFIDENTIAL – ATTORNEYS' EYES ONLY" if these legends do not already appear.

2. The procedure for filing documents under seal is as follows:

(a) For documents filed other than during a hearing or trial, counsel shall electronically file on CM/ECF a motion to seal that lists the document(s) that counsel wants filed under seal and a proposed order granting the motion. The documents that counsel wish to be sealed should be *provisionally* filed on CM/ECF, per the directions set out in *Procedures for Electronic Filing Under Seal in Civil Cases* on the Court's website under "Electronic Case Filing Info." (See also Appendix H to the Local Rules.) Counsel should not send paper copies of the documents to chambers or to the Clerk's office.

9

(b) For tangible things other than documents, the parties shall deliver the items to chambers along with a proposed order permitting the tangible things to be filed under seal.

(c) The opposing party shall not be permitted to oppose the motion to file under seal. The Court will review, in camera, the documents and tangible things sought to be sealed. If the Court agrees that they should be sealed, the proposed order will be filed.

(d) A party who seeks to introduce protected documents, tangible things or information at a hearing or during trial shall orally advise the Court at the time of introduction that the documents, tangible things or information sought to be introduced are protected. The Court will review the protected documents, tangible things or information in camera, and make an oral ruling. The Clerk will file any such documents or tangible things under seal.

(e) Also, if a party seeks to have only a portion of a document (including briefs) filed under seal, only that portion will be filed under seal, and counsel shall follow the process described above, simultaneously filing electronically a redacted version of the document filed under seal.

3. Challenging Designation of Protected Material. In the event that the party receiving "CONFIDENTIAL" or "PROTECTED & CONFIDENTIAL – ATTORNEYS' EYES ONLY" designations objects to such designation of any or

10

all such items, then the Parties will use their best efforts to resolve such objections between themselves.  Should the Parties be unable to resolve the objections, the party receiving the "Confidential & Protected Information" shall meet-and-confer with opposing counsel, and may seek a hearing before this Court with respect to the propriety of the designation and/or file a motion regarding the propriety of the designation within fourteen (14) days of the meet-and-confer date.  The producing party will cooperate in obtaining a prompt hearing with respect thereto.  Pending a resolution, the discovery material in question shall continue to be treated as "Confidential" or "Protected & Confidential – Attorneys' Eyes Only" as provided hereunder.  The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

    4.    When a producing party gives notice in writing that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

    5.    Inadvertent failure to designate Protected Material shall not be construed as a waiver, in whole or in part, and may be corrected by the producing party by written notification to the recipient promptly upon discovery of the failure

to designate, in which event the corrected designation shall be effective prospectively from recipient's receipt of this written notice.

6. In the event that Plaintiff or Defendant or their counsel obtain information from a third party that Plaintiff or Defendant believes to be confidential, they may designate such information as Protected Material pursuant to this Order and it shall be treated as such in accordance with this Order. Subpoenas to non-parties shall include a copy of the protective order and a notice of the right to designate material as protected.

7. If in the course of this litigation, discovery is sought from non-parties that would require such non-parties to produce and/or disclose Confidential & Protected Information, such non-parties may gain the protection of this Order by agreeing in writing to produce documents pursuant to this Order (including the right to designate materials as "CONFIDENTIAL" or "PROTECTED & CONFIDENTIAL – ATTORNEYS' EYES ONLY" and benefit from the protections for such materials set forth herein) and to be bound by it.

8. Unless necessary for appeal purposes or otherwise agreed by the Parties, all material treated as Protected Material under this Order and not received in evidence and all copies shall be made available for return to the originating party thirty days after the conclusion of this case, provided that all counsel of record may retain any pleadings, court filings, discovery responses, attorney and consultant work

product, or deposition transcripts (including exhibits) containing Protected Material. If the Parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the Parties, or destroy, any sealed material at the end of the litigation, including any appeals. If any Protected Material is furnished under this Order to any Expert or to any other person, the party retaining such Expert or furnishing such Protected Material shall be responsible to ensure that all such documents are returned to that party. The Parties agree to remain bound by this Order with respect to any items that they retain that contain Protected Material.

9. Nothing herein shall restrict in any way the ability of the Parties to use Protected Material at trial or require submission of any document to the jury in a sealed envelope.

10. If a party in possession of discovery designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" is served with a subpoena, demand or request for production of such information from a court, administrative, legislative or other governmental body, or from other persons purporting to have authority to subpoena, demand or request such information, the recipient shall give immediate written notice of the subpoena, demand or request (including delivery of a copy of the same) to the attorneys for the producing or disclosing party. In the event that a subpoena, demand, or request purports to require production of such documents or information on less than ten (10) days' notice, the party to whom the

13

subpoena, demand, or request is directed shall give prompt telephonic notice of the receipt of such subpoena, demand or request to the attorneys for the producing or disclosing party.

11.     The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

IT IS SO ORDERED this _____ day of _____, 2025.

_____
Honorable Timothy C. Batten, Sr.
United States District Judge
Northern District of Georgia

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Ethan Radvansky, *on behalf of himself and others similarly situated*,<br><br>    Plaintiff,<br><br> vs.<br><br>Health Tech Academy LLC,<br><br>    Defendant. | Case No. 3:25-cv-00012-LMM |

## CONSENT FORM

The undersigned hereby acknowledges that he or she has read the Agreed Protective Order ("Order") in ***Ethan Radvansky v. Health Tech Academy LLC, Case No. 3:25-cv-00012-LMM***, and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself or herself personally to the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division for the purpose of enforcing its terms.  Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Protected Material made available to him or her other than in accordance with the Order.

Dated:_____   Signature:_____

              Print Name:_____